# EXHIBIT I



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*





*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**Lund, Emily A.**
**PO Box 501359**
**Atlanta, GA 31150**

**DHS/ICE Office of Chief Counsel - NYV**
**201 Varick Street, Rm. 1130**
**New York NY 10014**

**Name: SOROKIN, ANNA**

**A** ███████

**Date of this Notice:**   **6/17/2022**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Grant, Edward R.
Mann, Ana
Mullane, Hugh G.

Userteam:  <u>Docket</u>

**NOT FOR PUBLICATION**

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

MATTER OF:

Anna SOROKIN, A███████████

Applicant

<div style="border:1px solid">

**FILED**

Jun 17, 2022

</div>

ON BEHALF OF APPLICANT:  Emily A. Lund, Esquire

ON BEHALF OF DHS:  Anne Gannon, Senior Attorney

IN ASYLUM ONLY PROCEEDINGS
On Motion from a Decision of the Board of Immigration Appeals

Before: Grant, Appellate Immigration Judge; Mann, Appellate Immigration Judge; Mullane,
Appellate Immigration Judge

Opinion by Appellate Immigration Judge Mann

MANN, Appellate Immigration Judge

The applicant filed a motion asking the Board to reconsider our decision of February 17, 2022, in which we denied her motion to reissue the Board's order of October 21, 2021, in this case. The Department of Homeland Security ("DHS") filed a response in opposition to the applicant's motion. The applicant has subsequently filed a motion to reopen and remand proceedings based on ineffective assistance of counsel. DHS has filed a response in opposition to this motion as well.

The applicant avers that she was prejudiced by the alleged ineffective assistance of former counsel, who represented her at the hearing and on appeal. She has complied with the procedural requirements set forth in *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). The applicant also submits evidence that the Immigration Judge filed a complaint against former counsel with the Disciplinary Counsel for the Executive Office for Immigration Review, alleging misconduct on counsel's part with regard to the respondent's case.

Given the particular circumstances presented in this matter, we conclude that the applicant has established exceptional circumstances that warrant the exercise of our discretionary sua sponte authority to grant the motion to reopen and remand the record to the Immigration Judge. 8 C.F.R. § 1003.2(a); *Matter of J-J-*, 21 I&N Dec. 976, 984 (BIA 1997). The applicant should be provided with a new merits hearing regarding her applications for relief from removal. We express no opinion as to the outcome of these remanded proceedings, other than to note that the burden of establishing eligibility for relief remains with the applicant. Section 240(c)(4)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(c)(4)(A).

A█████████

Accordingly,  the  following  orders  will  be  entered.[1]

ORDER:  The  motion  to reopen and remand  is granted.

FURTHER ORDER: The  record  is  remanded  to  the  Immigration  Judge  for  further  proceedings  consistent  with  the  foregoing  opinion  and  the  entry  of a  new  decision.

---

[1]  In light  of our disposition  of this matter,  we need not address the applicant's  motion  to reconsider  our October 21, 2021, decision.