UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNA SOROKIN,

                        Petitioner,

    - against -

CARL E. DUBOIS, in his official capacity as Sheriff of Orange County, New York; KENNETH GENALO, in his official capacity as Acting Field Office Director, U.S. Immigration & Customs Enforcement; TAE JOHNSON, in his official capacity as Director, U.S. Immigration & Customs Enforcement; and ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security;[1]

                        Respondents.

---

22 Civ. 7675 (CM)

[PROPOSED] STIPULATION AND ORDER OF DISMISSAL

    WHEREAS petitioner Anna Sorokin commenced this action by filing a petition for a writ of habeas corpus in this Court on September 8, 2022, challenging the constitutionality of her detention by U.S. Immigration and Customs Enforcement ("ICE") and seeking an order requiring that she either be released from custody or provided a bond hearing before an immigration judge; and

    WHEREAS, based on the specific facts and circumstances of this case, without conceding the merits of the case, without waiver or prejudice to the government's ability to defend its detention authority in other similar or dissimilar cases, and in the interests of preserving party and judicial resources and expediting the resolution of this case, the government has agreed to provide the petitioner with a bond hearing;

    IT IS STIPULATED AND AGREED, by and between the parties, as follows:

---

[1] Kenneth Genalo is automatically substituted for Thomas Decker. *See* Fed. R. Civ. P. 25(d).

1.  This action is dismissed without prejudice and without costs or attorneys' fees to either party.

2.  No later than 14 days after the date of entry of the Court's so-ordering of this stipulation on the docket, the government shall provide the petitioner with a bond hearing before an immigration judge. At that hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that the petitioner poses a danger to the community or presents a flight risk that cannot be mitigated by reasonable conditions of supervision or monetary bond. The immigration judge must consider alternative conditions of release with respect to both dangerousness and risk of flight. If the immigration judge sets a monetary bond, the immigration judge must consider the petitioner's ability to pay in determining the appropriate bond amount.

3.  The government has agreed to take this action based on the specific facts and circumstances presented in this matter. Nothing in this stipulation and order shall be construed as a concession of any rights or arguments by the government; nor shall it be construed to require the government to provide bond hearings to any other noncitizen in similar or dissimilar circumstances, and this agreement shall in no way be used to undermine the government's litigation position in any other case.

4.  This Court shall retain jurisdiction to enforce compliance with this stipulation and order.

[Remainder of the page intentionally left blank]

New York, New York
September 9, 2022

NIXON PEABODY LLP
*Attorney for Petitioner*

*/s/ Huseyin Alper Tosun*

Huseyin Alper Tosun, Esq.
55 W 46th Street, Tower 46
New York, NY 10036
Tel.: (212) 940-3000

John R. Sandweg, Esq.
(pro hac vice forthcoming)
799 9th Street NW, Suite 500
Washington, D.C. 20001
Tel.: (202) 585-8000

New York, New York
September 9, 2022

DAMIAN WILLIAMS
United States Attorney for the Southern District of New York
*Attorney for Respondents*

*/s/ Rebecca Friedman*

Rebecca R. Friedman, Esq.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-2614

SO ORDERED:

_____
COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE